## Nathaniel W. Brooks v. Daniel B. Nichols et al.

*Assignment for benefit of Creditors: Selection of exempt property.* Where a *bona
fide* assignment of personal property, including that exempt by law, is made by
a debtor for the benefit of creditors, the assignment is in effect a transfer of
the whole property, subject to the right in the assignor to select those por-
tions which the law, on the selection being made, absolutely sets aside for the
benefit of the debtor and his family.

    The assignment passes for the benefit of creditors the same interest which
an officer would seize by virtue of an execution, and there is no more difficulty
in making the selection of exempt property in the one case than in the other.

*Heard April 25th. Decided April 28th.*

Error to Wayne Circuit.

This was an action of replevin to recover possession of certain personal property levied upon by defendants by virtue of an execution.

The jury, in a special verdict, found the following facts:

1. That prior to and on the 29th day of September, A. D. 1866, one Stewart McDonald was the owner of the property described in the plaintiff's declaration, and that the same constituted a part of the household furniture then owned and used by said McDonald.

2. That on said 29th day of September said McDonald being in embarrassed circumstances, made a general assignment of all his property, real and personal, saving and excepting such as is exempt from seizure and sale under execution, by the laws of this State, to the plaintiff, as trustee for the benefit of said McDonald's creditors.

3. That said assignment was made in good faith and without any intent on the part of said McDonald to hinder, delay or defraud his creditors.

4. That at the time of said assignment the said McDonald owned household furniture, including the articles in controversy in this suit, of the value of $695.75.

5. That at the time of making said assignment all the articles of said furniture were in the possession of said McDonald, and no delivery thereof, or of any part thereof, was ever made to said plaintiff, but the whole of said furniture remained in the possession of said McDonald until after the levy of the execution hereinafter mentioned, and that no selection, separation or designation by agreement between said McDonald and the plaintiff, or otherwise, of the particular articles of said furniture, which should pass under said assignment, to the said plaintiff, or of the articles which said McDonald should retain as exempt from levy and sale under execution, was ever made prior to the levy of the execution hereinafter mentioned.

6. That on the 18th day of January, A. D. 1867, the defendant Nichols, who was then a deputy sheriff for said

county of Wayne, by directions of said defendants, Moore, Foote and Bagley, levied upon the whole of said furniture, all of which was then still in the possession of said Mc-Donald, under an execution issued out of the Circuit Court for the county of Wayne, upon a judgment recovered against said McDonald, in favor of said defendants, Moore, Foote and Bagley, on the 18th day of January, A. D. 1867, for the sum of $1,029.04 damages and costs. That upon making said levy said Nichols caused all of said furniture to be duly appraised in accordance with the statute, and after such appraisal said McDonald selected from such furniture as exempt from execution certain articles to the value of $250, and after such selection the plaintiff, on the 19th day of January, A. D. 1867, sued out the writ in this cause and replevied the remainder of said furniture, which is the same property described in plaintiff's declaration in this cause.

7. That the value of the furniture so replevied on said 19th day of January, 1867, was $445.77.

The court thereupon rendered judgment in favor of defendants for the sum of $445.75; the return of the property having been waived.

*Newberry & Pond*, for plaintiff in error.

*Wilkinson & Post*, for defendants in error.

COOLEY CH. J.

We are of opinion that the Circuit Judge erred in not rendering judgment for the plaintiff on the special verdict. That verdict established the *bona fides* of the assignment by McDonald, and the only question that could remain was, whether it was void in law by reason of the omission to select out the exempt property. This question we regard as settled by the decisions of this court in *Hollister v. Loud, 2 Mich. 323*, and *Smith v. Mitchell, 12 Id. 180*.

The supposed difficulty of sustaining an assignment which assumes to transfer property not separated from a larger quantity, is not met with in these cases.  The assignment is in effect a transfer of the whole property, subject to a right in the assignor to select out a certain portion, or certain articles, which the law, on the selection being made, absolutely sets aside for the benefit of himself and his family.  The assignment passes for the benefit of creditors the same interest precisely which an officer would seize by virtue of execution, and there is no more difficulty in making the selection of exempt property in the one case than in the other.  The principle is not new; transfers of the debtor's property, under bankrupt and insolvent laws, are subject to the like right of selection, and we are not aware that any difficulty has been supposed to exist in the title of the assignee in those cases.  He succeeds to the rights of the bankrupt or insolvent, acquiring, however, so far as exempt property is concerned, a defeasible title, which is divested when the selection is made.  The trustee, in a voluntary assignment, stands on the same footing, and is entitled to the like protection.

The judgment of the court below should be reversed, and judgment rendered for the plaintiff for six cents damages, and the costs of both courts.

CAMPBELL and GRAVES JJ. concurred.

CHRISTIANCY J. did not sit.