PORTER ET AL., ADM'RS, V. KNIGHT.

1. **Practice**: INSTRUCTING THE JURY AS TO THE ISSUES. It is the province of the court to determine the issues involved in a case, and it is error for the court to refer the jury to the pleadings to ascertain what the issues are.

2. **Attachment**: OF MORTGAGED PERSONAL PROPERTY: WRIT WRONGFULLY SUED OUT: MEASURE OF DAMAGES ON BOND. Where an attachment wrongfully sued out was levied upon chattels which the defendant had previously mortgaged, and afterwards the chattels were taken from the sheriff and sold under the mortgage for less than their value, and the surplus, after satisfying the mortgage, was paid over to the sheriff holding the writ, *held* that the attachment plaintiff was not liable for any loss occasioned to the defendant by reason of the sale under the mortgage, but only for the surplus paid over to the sheriff, with interest at six per cent, and the value of the defendant's right, if any, to the use of the chattels from the time of the levy till they were taken under the mortgage.

3. ——: WRONGFULLY SUED OUT: MEASURE OF DAMAGES ON BOND. Where a defendant in attachment has been deprived of his property under a writ wrongfully sued out, he is entitled to recover upon the attachment bond at least the fair cash value of the property when taken, with six per cent interest thereon.

63 365
84 670

63 365
94 690

63 365
96 366
97 351
100 552

63 365
106 333

63 365
108 422

63 365
122 395

63 365
144 152
f144 162
f144 163

4. ————: MALICE IN SUING OUT WRIT: ADVICE OF COUNSEL TO REBUT: INSTRUCTION. Before the advice of counsel can be interposed to rebut the charge of malice in wrongfully suing out a writ of attachment, it must appear that a full and fair statement of the facts, as distinguished from legal conclusions, was submitted to the attorney; and an instruction asked, to the effect that, if, on the case submitted, the plaintiff in attachment was advised by his attorney that he had a good cause of action and a right to sue out the attachment, then he was not liable for exemplary damages, was properly refused, when there was no evidence showing what *facts* were submitted to the attorney.

5. ————: WRONGFULLY SUED OUT: ATTORNEY FEES TO DEFENDANT: MEASURE OF. Under section 2961 of the Code, a defendant in attachment, where the writ is wrongfully sued out, is not entitled to recover attorney fees for defending the whole case, but only the reasonable fee of his attorneys for their services in the auxiliary proceeding.

*Appeal from Polk Circuit Court.*

THURSDAY, APRIL 24.

ACTION on a lease of a farm; and the plaintiffs seek to recover on the grounds that the defendant failed to cultivate the farm in a proper manner, and failed to deliver to the plaintiffs the share of the crops raised, as provided in the lease. The plaintiffs caused an attachment to issue, and certain property belonging to the defendant was levied on and taken possession of by the sheriff. The material allegations in the petition were denied in the answer, and a counter-claim was pleaded by the defendant, and he sought to recover damages caused by, as he claimed, the wrongful suing out of the attachment. There was a trial by jury, who found for the defendant, and assessed his damages at $250.27, and judgment was rendered therefor. Both parties appeal. The plaintiffs, however, must, under the statute, be regarded as appellants.

*Finkbine & McClelland,* for appellants.

*Baylies & Baylies,* for appellee.

SEEVERS, J.—I. The court in the charge to the jury made a lengthy statement of the issues, but at the conclusion

1. PRACTICE: instructing the jury as to the issues.

thereof stated: "For a more exact and complete statement of the allegations of the parties and the issues in the case, see the pleadings themselves." In a paragraph of the charge, the court said: "When you find that a fact is alleged by one of the parties and expressly admitted by the other, you may assume the fact thus admitted to be true, and no further evidence is necessary on that point. As to all the matters alleged in the petition and denied by the answer, the burden of proof rests upon the plaintiffs to establish the truth of the same, * * * and, in like manner, all the allegations made by defendant in his counter-claim, * * and denied by the reply, must be established by the defendant."

It is somewhat difficult to say that the issues were not fully stated to the jury, and we are unable to understand why the jury were referred to the pleadings for the issues. It has been held that this constitutes reversible error. *Fitzgerald v. McCarty*, 55 Iowa, 702, and cases cited.

If it be conceded that the issues were fully stated by the court, how can it be determined, as the jury were invited or directed to examine the pleadings for the purpose of ascertaining what the issues were, that they did not do so, and conclude that the issues had not been accurately stated by the court. It is improper to direct the jury to the pleadings for the purpose of ascertaining what is or is not admitted or denied. It is the province of the court to determine the issues, and the duty of the jury in this respect to follow the direction of the court. Because of the full statement of the issues made by the court, some of us have doubts whether, in fact, there was prejudicial error in referring the jury to the pleadings, when all the instructions bearing on this question are considered. Therefore, no determination of the question is made; but we have deemed it proper to say this much, because the case must be reversed on other grounds, and a new trial had.

II. We regard the instructions, except as above and

Porter et al., Adm'rs, v. Knight.

2. ATTACH-
MENT: of
mortgaged
personal
property:
writ wrong-
fully sued
out: measure
of damages
on bond.

hereafter indicated, as being substantially correct. The property attached, as we understand, consisted of "straw, stalk-pasture, oats, corn and hay." This property was sold by the sheriff under a stipulation, which reserved to the parties "all rights they now have, not waived by this instrument."

There were also attached two colts, which were subject to a prior mortgage, under which the colts were taken from the sheriff and sold. The proceeds, after satisfying the mortgage and costs of sale, were paid to the sheriff, and the same is held by him under the attachment.

There was also attached a yearling colt and a heifer, which, as we understand, were still in the sheriff's hands at the time of the trial. The court instructed the jury as follows:

"11. If you find that the attachment was not wrongfully sued out, you need not inquire further as to defendant's counter-claim and the damages claimed thereunder.

"If the attachment was wrongfully sued out by said L. M. Small, then defendant is entitled, at least, to such actual damages as he has proved in the case. The actual damages would be the actual loss sustained by defendant by reason of the levy of the attachment, as shown by the testimony.

"If said property levied on was sold or disposed of by the sheriff, defendant's damages would be the fair cash value of the same when wrongfully levied on and taken, or the fair cash value of defendant's interest in said property, with six per cent interest from the time of the levy.

"In awarding actual damages, your aim should be to compensate the party injured for actual loss directly resulting from the wrongful acts complained of.

"11½. If you find that the attachment was wrongfully sued out, and that defendant is entitled to damages, the measure of his damages upon the property levied on and still in the hands of the sheriff is the loss sustained by defendant by reason of being deprived of the use of said property since the

levy, and any depreciation in value of the same; and as to the property seized and sold by the consent of the parties, while plaintiffs should be charged with the cash value at the time of the seizure, they are entitled as a credit to the net cash in the hands of the sheriff, after paying costs and expenses resulting from the sale of said property."

As applied to the facts in this case, these instructions or paragraphs of the charge, we think, are erroneous. *First*, as to the mortgaged property. It has been held that the mortgagor of personal property has no interest therein which can be levied on and sold under execution. *Gordon et al. v. Hardin*, 33 Iowa, 550. Whether this fact has any bearing on the question as to what damages the defendant was entitled to recover, was not presented to the court below; and we shall determine the case as it was tried there, and merely mention the fact above stated, so that what we may say will not be misunderstood. The two colts, it will be assumed, were rightly taken under the attachment, but they were taken from the possession of the sheriff under the mortgage, which was the prior lien. They were rightfully sold under the mortgage, and if at such sale they did not bring their full value, the plaintiffs are not responsible therefor. No act of theirs induced the sale, and, therefore, they cannot be made liable in damages for any loss the defendant may have sustained thereby. We think, under the circumstances, and as the case was tried, the jury should have been specifically instructed that, as to this property, the only damages the defendant was entitled to recover was the amount of money paid the sheriff, after satisfying the mortgage, with six per cent interest thereon. If the defendant was entitled to the possession of the colts, and was deprived of possession by the taking under the attachment, there is no evidence of the value of the use of the colts after they were taken under the attachment, and prior to the taking under the mortgage.

There is no evidence tending to show that the colts and heifer not sold by the sheriff had depreciated in value, or that

their use was of any value. As to this property, the extent of the defendant's damages is the value of the property of which he has been wrongfully deprived. Of course, if the property was wrongfully taken, the defendant would be entitled to nominal damages. In both of the respects above mentioned, we think the instructions above set out at length are erroneous.

III. It is urged that the instructions are also erroneous as to the property taken under the attachment and sold by the sheriff under the stipulation of the parties. But it is not insisted that the damages in any respect should be limited by reason of the stipulation and sale. Upon the theory that the attachment was wrongfully issued, the question then is, what are the defendant's damages? It is, perhaps, true that there is not entire accord in the authorities on this question. But the rule of the instruction is that the defendant is entitled to the fair cash value of the property when wrongfully taken, with six per cent interest thereon. We think this rule is as favorable to the appellants as they had a right to expect. Under some adjudged cases, as we understand, he would or might be entitled to more, but under none is he entitled to less. In this respect appellants have no reason to complain.

IV. The appellants asked an instruction stating, in substance, that, if it appeared from the evidence that the appellants had consulted an attorney, and were advised by him that on "the case submitted" they "had a good cause of action, and a right to sue out the attachment," such fact would rebut malice, and exemplary damages could not be recovered. This instruction was, we think, rightfully refused, because there is no evidence to support it. The attorney who was consulted testifies: "On the statement of facts made me, I told him he had a good cause of action, and a right to sue out an attchment. * * He made a statement of what he claimed to be certain facts, and asked me if he could sue out an attachment, and I told

him he could. The facts stated to me are those introduced in the petition herein filed." We understand the rule to be that, before the advice of counsel can be interposed as a shield against the consequences of a wrongful act, it must appear that a full and fair statement of the facts was made to the attorney. The jury cannot determine what facts were told the attorney from the evidence above stated. Therefore, it cannot be determined whether a full and fair statement was made or not. Instead of stating facts, legal conclusions, or the conclusions of the witness only, are stated. The reference to the facts stated in the petition is not sufficient, because it is therein stated that the defendant has disposed, or is about to dispose, of his property to defraud his creditors. This is a conclusion merely, or a result reached, because of the existence of certain facts. Clearly, it would not be sufficient if the plaintiffs told the attorney, without more, that defendant had disposed of his property with intent to defraud his creditors. The facts upon which the conclusion is based must be stated. The court did not err in refusing the instruction under consideration.

V. As to defendant's appeal. It is provided by statute: " If the attachment was wrongfully sued out, and there was no reasonable cause to believe the ground upon which the same was issued to be true," then the defendant is entitled to recover, "the actual damages sustained, and reasonable attorney fees, to be fixed by the court." Code, § 2961. The court fixed the attorney fees at $50, and rendered judgment therefor against the plaintiffs. It is insisted that a greater sum under the evidence should have been allowed. It is insisted that the question as to whether the defendant was indebted to the plaintiffs was in issue, and that, if there was no indebtedness, then the attachment was wrongfully sued out. Therefore, it is insisted that the attorney fee should be fixed at such an amount as would be a fair and reasonable fee for the trial of the whole case. We do not think this is the proper construc-

tion of the statute. The fees are to be allowed, if the "ground" upon which the attachment was issued is not true.

The statutory grounds for an attachment are stated in sec. tion 2951 of the Code, and if these are not true, then reasonable attorney fees are to be allowed. It is true, if there was no debt, the attachment must be regarded as having been wrongfully issued, and the defendant in such case is entitled to the damages sustained. But we do not think the allowance of attorney fees stands precisely on the same footing. If it had been the intent of the legislature to give fees for the trial of the whole issue, if the attachment was wrongfully sued out, we think it would have been so said in words that could not be misunderstood.

The action for the supposed debt can be brought, whether there is ground for the attachment or not. The attachment is an auxilliary proceeding, and may be commenced when the action is brought, or afterwards.

The attorney fee is allowed only when it is found there was no ground for the commencement of such auxilliary proceeding. We think the court did not err in making the allowance for attorney fees.

AFFIRMED on defendant's appeal.<br>REVERSED on plaintiffs' appeal.