RUFUS S. FROST vs. ARTHUR N. JORDAN and others.

December 16, 1887.

Attachment—Bond—Damages—Attorney's Fees.—In an action on an attachment bond conditioned to pay all costs that might be awarded to the defendant, "and all damages he may sustain by reason of the attachment," attorney's fees expended in defending the principal action are not recoverable, even although jurisdiction was obtained solely by attaching the property of a non-resident, who subsequently appeared and defended the action.

This action was brought in the district court for Hennepin county, and tried by *Hicks*, J., who ordered judgment for plaintiff for $12.63, the amount of his taxed costs, and $200, the amount of the attorney's fees paid by him, in the former action brought against him by one Cobb, which is mentioned in the opinion. The defendants appeal from an order refusing a new trial.

*A. D. Smith* and *Arthur N. Jordan*, for appellants.

*Chas. J. Bartleson*, for respondent, among other cases, cited *Trapnall* v. *McAfee*, 3 Met. (Ky.) 34; *State* v. *McHale*, 16 Mo. App. 478; *Wilson* v. *Root*, 43 Ind. 486.

MITCHELL, J. The facts admitted by the answer, or found by the court, are that in an action commenced in the district court in this state by one Cobb and others against the plaintiff, Frost, the defendants, for the purpose of procuring a writ of attachment against his property, executed an attachment bond, conditioned that, if Frost recovered judgment, the plaintiffs in that action would pay all costs that might be awarded to him, and all damages he might sustain by reason of the attachment. Thereupon a writ was issued, and levied upon Frost's property. Frost was a non-resident, and could not be found or served with process in this state, jurisdiction being acquired solely by the levy of the attachment and the publication of the summons. Frost subsequently appeared and defended the action. No motion to dissolve the attachment was ever made; but, after Frost appeared and answered, it was dissolved by stipulation. Frost employed counsel, and paid him for his services in defending the action

the sum of $200, their reasonable value.  Judgment on the merits was rendered in favor of Frost.  The question is whether Frost, in an action on the attachment bond, can recover these attorney's fees.

The general and almost uniform current of the authorities is that, in an action on such a bond, and in the analogous case of injunction bonds, a party may recover, "as damages sustained by reason of the attachment" or "injunction," his reasonable attorney's fees expended in defence of the attachment or injunction itself, as, for example, in a successful motion for its dissolution, but not those incurred in defending the action in aid of which the writ was obtained.  Drake, Attachm. § 176; Wade, Attachm. §. 301; Wap. Attachm. § 452; 1 Sedg. Dam. 179, and note.  It is true that in most of the cases in which the question arose jurisdiction of the person of the defendant had been obtained by service of process, and hence the writ of attachment was strictly ancillary, and the action might have proceeded without it.  It is also true that there are cases where the attachment itself was the original process, or where, as in the present case, the action, although in form *in personam*, was in effect *in rem*, and jurisdiction was acquired only by attaching the defendant's property, and, consequently, only to the extent of the property attached, in which the expenses of defending the action have been held recoverable as "damages sustained by the attachment."  The ground upon which this is generally placed is that in such a case the only occasion for the defendant's defending the action is to release his property from the attachment, as no personal judgment could be recovered against him, and hence that the expense was occasioned by the attachment.  See *Trapnall* v. *McAfee*, 3 Met. (Ky.) 34, (77 Am. Dec. 152;) *State* v. *McHale*, 16 Mo. App. 478; *Wilson* v. *Root*, 43 Ind. 486.  There are some forcible considerations, founded on public policy and the analogies of the law, against allowing even attorney's fees incurred in motions to dissolve or vacate the writ.  Especially in view of the provisions of statute which authorize the allowance of interlocutory costs on such motions, which, however inadequate, are allowed by way of indemnity to the prevailing party for his expenses, there is at least room for argument that "the damages sustained by reason of the attachment," within the meaning of the bond, are in-

tended to be limited to those resulting directly from the seizure and detention of the property attached, such as the loss of its use, or its loss or deterioration resulting from its detention. Such is the rule of the supreme court of the United States in the analogous case of an injunction bond. *Oelrichs* v. *Spain*, 15 Wall. 211.

But conceding, without deciding, that upon the weight of authority we would hold that attorney's fees incurred in a motion to dissolve the attachment are recoverable under the obligations of such a bond, we are not inclined to extend the doctrine to those incurred in defending the action, even in cases like the present, although it may be somewhat difficult on principle to distinguish the two. In the first place, it would be of doubtful policy. There is no fixed standard of the value of attorney's fees. Some counsel charge more than others for the same services, and some clients will pay more than others; and when both client and counsel know that the fees are to be paid by the other party there is great danger of abuse. In the next place, it is against the analogies of the law to allow expenses of litigation beyond the costs allowed by statute, which, as said before, however inadequate, are the measure of indemnity which the law provides. In actions of contract and of tort, in which punitive damages are not allowable, it is uniformly held that attorney's fees cannot be recovered. This is also the prevailing and better opinion, even as to actions in tort, where exemplary damages are allowable. *Kelly* v. *Rogers*, 21 Minn. 146, 152. Of course, we do not overlook the distinction between such cases and one like the present, which is on the contract of the bond; but the analogy consists in the fact that many of the reasons for the rule in the first are equally applicable to the second. In the third place, to allow attorney's fees would give the defendant in the attachment suit an unfair advantage over the plaintiff. Take this case for example. If Cobb, the plaintiff in the attachment suit, had prevailed, maintaining his cause of action, and consequently his attachment, he would have recovered by way of indemnity for attorney's fees merely the $10 allowed by statute, although he might in fact have had to pay his attorneys as much as the defendant; while, under the claim here made, the defendant would, in addition to the $10, receive the whole amount of his attor-

ney's fees, $200. Another reason, perhaps covered by what has already been said, is that where, as in this state, it is provided that certain sums are allowed to the prevailing party by way of indemnity for his costs and expenses in the action, (which of course include attorney's fees,) it is not to be supposed that, in fixing the condition of a bond for attachment, the statute contemplated including in it another and additional indemnity for the same thing. However small it may be, the amount allowed by way of indemnity for the expenses of the action must be presumed to be the limit, unless the terms of the bond clearly and unequivocally indicate the contrary. For these and other reasons that might be urged, we are of opinion that these attorney's fees are not recoverable.

The cause is remanded, with instructions to the court below to modify its judgment by deducting the sum of $200.

GILFILLAN, C. J. I dissent.