Adopted February 3, 1891.

---

S. B. HOWARD ET AL. v. W. W. TANDY.

No. 6754.

1.   **Recovery for Exempt Property.** — Money in the hands of the sheriff made by execution under a judgment for the conversion of exempt property can not be applied by the sheriff to satisfy an execution in his hands against the owner of such fund. To do so would in effect render nugatory the exemption laws of the State, and would practically subject exempt property to execution.

2.   **Same.**—That the owner of exempt property can sue for and recover it does not constitute an action for its conversion a voluntary transfer of it so as to subject the proceeds realized under such judgment to the debts of the owner.

Appeal from San Saba. Tried below before Hon. A. W. Moursund.

This is a suit brought by W. W. Tandy in the District Court of San Saba County on the 6th day of August, 1888, against S. B. Howard and the sureties on his bond as sheriff, to recover the amount alleged to have been received by the said Howard on an execution in favor of W. W. Tandy against Low & Low, a firm composed of William G. Low, Arthur Low, and R. M. Low. The defendants S. B. Howard and his sureties answered November 24, 1888, by general denial, and specially pleading that said Howard as sheriff held in his hands executions in favor of Low & Low against the said W. W. Tandy at the same time that he held the execution in favor of Tandy against Low & Low; that Low & Low paid off and discharged the execution which Tandy had against them, and that the defendant Howard as sheriff, at the request of said Low & Low, applied the money paid in by Low & Low to discharge Tandy's execution to the payment of the executions in favor of Low & Low against W. W. Tandy.

The plaintiff, Tandy, by supplemental petition replied to this answer that the judgment on which the execution had issued in favor of Tandy was obtained by Tandy against Low & Low for having levied upon and sold certain fixtures, cotton gin, mill, etc., which were alleged to be part of the homestead of the said Tandy, and that the judgment upon which the said execution issued in favor of Tandy being recovered for such conversion of a part of the homestead property, which was exempt from execution, the judgment could not be subjected to the payment of the claims of creditors, and that it was exempt from an offset against the claim of Low & Low and their executions against Tandy.

The case was tried on December 4, 1888, and resulted in judgment for the plaintiff, Tandy, appellee in this court. The court below filed conclusions of law and fact, in which he held that the amount due on the execution in favor of Tandy against Low & Low being for damages for unlawful seizure and sale of part of exempt property pertaining to the homestead, it was not subject to be offset by the judgments which Low & Low held against Tandy. Defendants appealed.

*Frank G. Morris,* for appellant.—The title to the exempt property not having passed by the execution sale, the defendant in execution had the option either to regain possession of his property peaceably, or by suit if necessary, or to sue for damages and thereby pass the title and receive money therefor; and having voluntarily chosen by bringing suit for damages to take money instead of retaining the property, the money thus obtained was not exempt from execution. Temple v. Scott, 3 Minn., 419; Knabb v. Drake, 23 Pa. St., 489; Mallory v. Norton, 21 Barb., 424.

*Leigh Burleson,* for appellee.—A voluntary sale of property is one made upon the mutual agreement of the parties thereto. Was the sale of the

appellee's exempt property, of the value of $600 or $700, made by sheriff Harkey under executions in his hands for the sum of $49 a voluntary sale? We certainly think not.

Appellants in their brief insist that we should have followed this property up and sued the purchasers at the sheriff's sale. It is true this might have been done, but in this case it would not have furnished adequate remedy, as said property was damaged and injured by its removal.

Appellee had a right to sue either for the recovery of the property or to sue the parties that wrongfully took possession of his property for the value of the same. Andrews v. Rowan, 29 How. Prac., 106.

Exemption laws have always been liberally expounded by our courts in favor of humanity. The object of the Legislature in exempting certain articles from forced sale was to prevent the involuntary surrender of the articles specified for the payment of debts.

Mr. Thompson, in his great work on Homesteads and Exemptions, article 748, lays down the rule as follows: "Where an officer unlawfully seizes and sells exempt property under an execution and the debtor recovers damages for the trespass, the money so recovered is exempt from execution or attachment and does not pass to a receiver."

This rule was followed in the case of Tillotson v. Walcott, 48 New York, 189; in Andrews v. Rowan, 28 Howard's New York Practice Reports, 106; and in Stebbins v. Peeler, 29 Vermont, 289. These cases are cited by Mr. Thompson in support of the rule laid down by him, and are directly in point.

I have not been able to find in the reports of our State any case directly in point. Our courts have held that insurance money arising from the destruction of exempt property is also exempt from execution or garnishment. This doctrine is maintained in Houghton v. Lee, 50 California, 101, and Cooney v. Cooney, 65 Barbour, —. Our exemption laws are a delusion and a mockery if a creditor could seize exempt property on his execution, and then could reach such claim in case suit was brought against him for damages, and thus deprive the debtor of his exempt property or the proceeds of the same.

The case of Mallory v. Norton, 21 Barbour, —, seems to be decided under the statutes of that State regulating exempt property, and held that the proceeds of exempt property, although the conversion of such property was involuntary, when merged into a judgment, would be an ordinary debt and subject to garnishment or execution. See also Tillotson v. Walcott, 48 N. Y., 189; Andrews v. Rowan, 28 How. Prac., 106; Hudson v. Plets, 11 Paige, 184; Stebbins v. Peeler, 29 Vt., 289; Thomp. Home. and Ex., art. 748.

HOBBY, PRESIDING JUDGE.—To permit the money in the hands of the sheriff which had been realized by Tandy from his judgment against

Low & Low et al. for damages resulting from their seizure and conversion of his exempt property to be applied to the satisfaction of an execution held by the same officer against Tandy and in favor of said Low & Low, as the appellants contend should have been done, would in effect render nugatory the exemption law of our State relating to personal property.

It would also, we think, operate practically to make a suit resorted to to secure the benefit and protection of the exemption law by one whose personal property had been illegally seized result in subjecting the proceeds of such suit to execution, thus defeating the very purpose of the suit itself, and indirectly reaching the property which the law says shall not by judicial process be made subject to the payment of debts.

But it is ingeniously argued that where one whose exempt personal property has been, as in this case, unlawfully seized under legal process, if the owner desires to avail himself of the benefit of the exemption made by the law in favor of such property, he should pursue the property itself and resort to such judicial process as will give him the possession of it. That if in lieu of this he sues for damages for its unauthorized seizure and recovers judgment therefor, the satisfaction or payment of this judgment operates as a transfer of the property and vests the title thereto in the defendant. That this being a voluntary exchange of exempt property for that which is not, the proceeds are liable to execution.

We can not concur in this view. If this position be correct it follows, we think, that to secure the benefit and full protection of the exemption law in case of the illegal seizure of exempt personal property will depend rather upon the character of suit brought or the nature of the remedy resorted to for that purpose, and not upon the fact that the property is exempt.

The fact that the owner of the property so seized may not be able to give bond and avail himself of the more expeditious remedy of suing out such process as will place him in possession of the property, and that instead thereof he sues for damages and obtains judgment, which is paid, should not operate in the latter case to practically deprive him of the results of the suit and the benefit of the exemption. Although the facts in the present case are not in all respects similar to those in the case of Cone v. Lewis, 64 Texas, 332, we believe the principle involved in the case before us is the same as was decided in the former, and the views here expressed are in accord with that decision.

We do not think the money in the hands of the appellant Howard, belonging to appellee, Tandy, realized as before explained, should have been applied to the satisfaction of the execution in favor of Low & Low against him.

There was therefore no error in the judgment of the court, and we think it should be affirmed.

*Affirmed.*