(75 N. W. Rep. 907.)

---

## C. T. CLEVELAND *vs.* S. A. McCANNA.

Opinion filed May 10th, 1898.

**De Facto Officers—Collateral Attack.**

 The official acts of a *de facto* officer cannot be collaterally attacked.

**Mutual Judgments—Exemptions—Set-off.**

 Mutual judgments cannot be set-off one against the other in such a manner as to defeat the exemption laws; and when, on an application of a judgment debtor to have a judgment owned by him and against his creditor set-off against the judgment owned by such creditor, and against him, such judgment creditor

files a verified schedule of his personal property, showing that the whole thereof, including such judgment, is less in value than the amount allowed by law as exempt, such set-off should be refused.

Appeal from District Court, Grand Forks County; *Glaspell*, J.

Action by C. T. Cleveland against S. A. McCanna. A motion by defendant to set-off a judgment held by him against plaintiff against the judgment rendered in this action was sustained, and plaintiff appeals.

Reversed.

*Burke Corbet*, for appellant.

*Bangs & Fisk, Cochrane & Feetham*, and *O. A. Wilcox*, for respondent.

BARTHOLOMEW, J. In March, 1894, the respondent, McCanna, obtained a judgment against the appellant, Cleveland, before the City Justice of the City of Larmore, in Grand Forks County, for the sum of $200 and costs, amounting in all to $235. An abstract of said judgment was duly filed in the office of the Clerk of the District Court of said county, and the judgment was properly entered and docketed in that court, and is still in force and entirely unpaid. On April 24th following, appellant commenced the action against respondent in which this proceeding is entitled, and sought to recover $3,000, actual and exemplary damages, for the alleged wrongful and unlawful seizure and conversion by respondent of certain enumerated personal property belonging to appellant, which it was claimed constituted appellant's absolute and alternative exemptions. On the trial of this action, the jury found the value of such personal property to be $367.25, and a general verdict was returned for appellant for $717; and subsequently judgment was entered thereon, which, with costs and interest, amounted to $849.90. This judgment was subsequently reduced by the court to $620.74. for which sum it is still in force and unpaid. An execution was issued thereon in January, 1897. Thereupon the respondent applied for and obtained an order on appellant to show cause why the judgment in respondent's favor,

and against appellant, should not be set-off *pro tanto*, against the judgment in favor of appellant, and against respondent. The application for the order was supported by an affidavit setting forth the rendition of the judgments as herein stated. On the return day, the respondent, in support of his motion, introduced the pleadings in both cases and the affidavit on which the order was issued. Appellant introduced testimony showing that the property for the conversion of which he recovered judgment was property that was exempt from seizure or sale under legal process, and also a verified schedule of his property showing that the value of the whole thereof, including the judgment against respondent, was less than the amount exempted by law, and claimed to hold such judgment as exempt from application on his own debts. The court, after a full hearing, granted the motion to set-off, and made the proper order therefor. The appeal is from such order.

It is first urged that the judgment rendered by the City Justice of the City of Larimore against appellant was and is a nullity, for the reason that no such officer as a City Justice of the Peace is known or authorized under our constitution and laws. The office of the Justice of the Peace is recognized, and as such, the officer was claiming to act. This contention cannot prevail. It is conceded that such justice was a *de facto* officer, performing all the functions of a Justice of the Peace. This attack is purely collateral. It is well settled that the validity of the acts of a *de facto* officer cannot be attacked in a collateral proceeding.

But the second point raised is of more importance. Our statute declares (Revised Codes, section 5499:) "Mutual final judgments may be set-off *pro tanto* the one against the other by the court upon proper application and notice." Such was the rule in equity, independent of any statute. 22 Am. and Eng. Enc. Law, 446, and cases in note 3. The power is no broader under the statute. But this power will never be exercised where the set-off would deprive a party of his legal rights. *Id.* 448, note 3. It is claimed that the allowance of the set-off in this case would

deprive appellant of his legal right to his exemptions. There is a special reason alleged in this case why appellant's judgment against respondent should be protected from such set-off. It is urged that this judgment was obtained for the wrongful conversion of exempt property, and for that reason it stands in lieu of the property, and is equally exempt; and the cases so hold. *Crawford* v. *Carroll*, 93 Tenn. 661, 27 S. W. Rep. 1010; *Kaiser* v. *Seaton*, 62 Iowa, 463, 17 N. W. Rep. 664; *Cullen* v. *Harris*, (Mich.) 69 N. W. Rep. 78. But we think that holding more applicable in states where certain specific articles are exempt by statute, as is the case in the states from whence these authorities are cited. In this state, we think, the ruling should be placed upon a broader ground. Our constitution provides, (section 208:) "The right of the debtor to enjoy the comforts and necessaries of life shall be recognized by wholesome laws exempting from forced sale to all heads of families a homestead, the value of which shall be limited and defined by law, and a reasonable amount of personal property; the kind and value shall be fixed by law." In pursuance of this constitutional requirement, our legislature has declared by sections 5516, *et seq.*, Revised Codes, that to each head of a family there shall be exempt from seizure certain articles which the statute terms "absolute exemptions," and which include all wearing apparel of the debtor and his family, and provisions and fuel for one year. The statute then provides that, in addition to these absolute exemptions, the debtor may select from any personal property that he possesses other property not to exceed $1,500 in value. To effect this, the debtor must present to the officer holding the process a verified schedule of all his personalty. The law then provides for an appraisement. If the appraised value exceeds $1,500, the debtor may select from the list any property he desires, but not exceeding in value $1,500, according to the appraisal. If the appraisal be $1,500 or less, of course the debtor takes it all. It follows logically that, if we are to give full effect to the exemption law, a debtor has an absolute right to select as a part of his exemptions a judgment that he

may own, and it is entirely immaterial upon what the judgment may be based. It is property in his hands, and it rests exclusively with himself to say what property, within the limit, he will elect to hold as exempt. Likewise, he might, before his claim was reduced to judgment, have elected to hold that claim as a part of his exemptions. Hence the judgment simply represents exempt property in another form, and all the authorities hold that a judgment that represents the proceeds of exempt property cannot be set-off on a judgment against such judgment creditor. The case of *Butner* v. *Bowser*, 104 Ind. 255, 3 N. E. Rep. 889, was decided under a statute the same in character as ours, and is exactly in point; and the general principle is sustained by the authorities cited *supra*, and by Freem. Ex'ns, § 235, and cases there cited. And see *Ellis* v. *Pratt City*, 111 Ala. 629, 20 South. 649; *Duff* v. *Wells*, 7 Heisk. 17; *Reynolds* v. *Haynes*, 83 Iowa, 342, 49 N. W. Rep. 851; *Millington* v. *Laurer*, 89 Iowa, 322, 56 N. W. Rep. 533; *Howard* v. *Tanby*, 79 Tex. 450, 15 S. W. Rep. 578; *Below* v. *Robbins*, 76 Wis. 600, 45 N. W. Rep. 416. The only cases that we have found holding a contrary doctrine are *Mallory* v. *Norton*, 21 Barb. 424, *Temple* v. *Scott*, 3 Minn. 419, (Gil. 306,) and *Knabb* v. *Drake*, 23 Pa. St. 489. The case in 21 Barb. is entirely destroyed by *Tillotson* v. *Wolcott*, 48 N. Y. 188. The cases from Minnesota and Pennsylvania are based upon the alleged principle that exemption laws, being in derogation of the common law, must be strictly construed,—a principle now almost universally discarded.

It is true that the procedure under our exemption statute refers more particularly to seizures under attachments and executions, but that is because it is by means of those writs that property is usually seized. But it would be an exceedingly narrow view of the law that would deny exemptions where it was sought to take property by other means. This court is unqualifiedly committed to a liberal construction of exemption statutes. *Bank* v. *Freeman*, 1 N. D. 196, 46 N. W. Rep. 36. In that case we expressly held that the fact that the machinery of the law did

not contemplate the exact case there under consideration could not defeat a claim for exemptions. We must make the same ruling here. In response to the order to show cause, the appellant presented a verified schedule of all his personal property, and claimed his judgment against respondent as exempt. His entire personalty outside of that judgment amounted, according to the schedule, to $27. If there was a doubt as to the correctness of that schedule, the court had full power to investigate the matter. But its correctness was not questioned, and the claim for exemptions should have been allowed.

The order appealed from is reversed. All concur.