THOMAS KRACH, Respondent, v. SECURITY STATE BANK OF NEW ENGLAND, NORTH DAKOTA, a Corporation, Appellant.

(175 N. W. 573.)

**Chattel mortgages — action on bond given for warrant of seizure — interest may be recovered in excess of amount of bond.**

1. In an action upon a statutory bond given for a warrant of seizure, damages may be recovered against the principal therein in excess of the penalty named, to the extent of legal interest upon the penal sum from the date of the breach thereof.

**Chattel mortgages — property taken under warrant of seizure — attorneys' fees may be recovered as part of damages.**

2. In such action, reasonable attorneys' fees may be recovered as a part of the damages where the same have necessarily been expended or incurred in defending an action instituted to foreclose the lien of certain chattel mortgages

upon property taken under a warrant of seizure, in order to secure a release and restitution of such property.

**Chattel mortgages — pleading form of judgment as set-off.**

3. In such action, where the defendant has set up in its answer, as an off-set, a judgment secured in a former action, it is *held* not erroneous for the jury to deduct the amount of such judgment from the damages awarded the plaintiff, where such deduction does not operate to take from the plaintiff his property exempt by law.

Opinion filed October 3, 1919.   Rehearing denied November 25, 1919.

Action on a bond given for a warrant of seizure, in District Court, Hettinger County, *Crawford, J.*

From an order denying a new trial the defendant has appealed.

Reversed and new trial granted.

*Harvey J. Miller,* for the appellant.

"Where an attachment is wrongfully issued, the attachment defendant cannot in general recover in an action on the defendant bond for attorney's services in defending the main suit." Ames v. Chirurg (Iowa) 132 N. W. 427; 6 C. J. 542, 544; Massina Sav. Bank v. Garside (Iowa) 130 N. W. 918; Ross v. Jordan (Minn.) 36 N. W. 713; St. Louis Clay Product Co. v. Christopher (Wis.) 140 N. W. 351.

"Where the attachment is not controverted but fails because the principal suit failed, counsel fees cannot be recovered." Vanatta v. Vanatta, 55 S. W. 685; Balinsky v. Gross, 128 N. Y. Supp. 1062.

*Jacobsen & Murray,* for the respondent.

"Proof of actual possession of the property is sufficient evidence of title." See 38 Cyc. 2085.

"On reversal of a judgment or decree, the law raises an obligation on the part of the party who has received benefits from its enforcement to restore those benefits to the adverse party. . . . Irrespective of the merits of the controversy between the parties." 4 C. J. pp. 1235, 1237, 1238, §§ 3293, 3297, 3298.

"Plaintiff's grain was exempt, and consequently no counterclaim could be allowed against it." See 18 Cyc. 1462.

BRONSON, J. This is an action to recover damages upon a bond given for a warrant of seizure. In the trial court a verdict was re-

turned for the plaintiff for $1,195, and from the order of the trial court denying a motion for judgment *non obstante,* or for a new trial, the defendant has appealed. The facts substantially are as follows:

In January, 1913, the appellant instituted an action to foreclose the lien of its chattel mortgages upon the grain of the respondent, and to recover judgment upon certain promissory notes for which such chattel mortgages stood as security. The appellant procured a warrant of seizure, having filed a statutory undertaking therefor, signed by itself and two sureties in the sum of $1,000. Pursuant thereto on January 15, 1913, the sheriff of Hettinger county levied upon and took into his possession certain wheat and oats belonging to the respondent. Subsequently, upon trial of such action in the district court, judgment was rendered against the respondent herein upon such notes, for the foreclosure of such chattel mortgages and for the sale of the property taken in the warrant of seizure. From such judgment the respondent herein appealed to this court, and this court finally, on January 12, 1917, reversed the judgment of the trial court and remanded the cause, with directions to enter judgment for the appellant herein upon one of the notes amounting to $255, with interest and costs, and for dismissal of the action in other respects. Security State Bank v. Krach, 36 N. D. 115–119, 161 N. W. 568. Later this action was instituted in August, 1917, upon a cause of action for damages through the conversion of such grain so taken, and the expenses incurred, and also upon the undertaking given by the appellant herein. Upon the trial of the action in the district court the respondent herein elected to stand upon the cause of action for damages predicated upon such undertaking so given, pursuant to a motion made by the appellant therefor. The appellant in its answer sets up as a counterclaim the judgment secured in the former action, which amounted to $404.72, with legal interest thereon since March 7, 1917. In the submission of the case to the jury, the trial court gave instructions that the respondent was entitled to recover the value of the grain plus legal interest thereupon, and in addition his reasonable attorneys' fees in defending the former action, less the amount of the judgment in favor of the defendant. The jury accordingly returned this verdict for $1,195, which means that the respondent must have been awarded damages of approximately $1,600 less the judgment of the appellant. Upon

this record the appellant herein challenges the judgment. so entered upon the ground that the verdict as returned exceeded the penalty of the bond, and, further, that the trial court improperly permitted the plaintiff to submit evidence of his attorneys' fees in defending the former action, and the jury to include in its verdict such attorneys' fees for so defending such former action. Upon the latter contention of the appellant, we are of the opinion that no error was committed by the trial court in submitting to the jury the reasonable attorneys' fees of the plaintiff herein expended or incurred by him in defending the former action. The main contention of the appellant in this regard is that it recovered judgment in such action, and that the plaintiff herein should not be awarded attorneys' fees for defending the main action. This contention is without merit for the reason that it was necessary for the plaintiff to defend the entire cause of action of the appellant in such former action in order to secure the release of this property so seized under the warrant of seizure.

However, we are clearly of the opinion that damages could not be awarded upon the cause of action submitted to the jury in excess of the penalty of the undertaking, with legal interest thereupon from the time of the breach of its conditions. The general rule of law, now supported by the weight of authority, and held applicable in this jurisdiction, is that damages may be recovered in excess of the penalty stipulated in such a bond to the extent of the legal interest accruing on such penal sum from the date of the breach of the conditions thereof, as against the principal therein. See 9 C. J. 133; note in 19 L.R.A. (N.S.) 84. This is in harmony with § 7142, Comp. Laws 1913, permitting interest on damages. In accordance with the computations of the parties a total amount of damages that could have been awarded was approximately $1,400. The jury in estimating the damages of the respondent necessarily awarded him, pursuant to the verdict rendered, approximately $1,600. The verdict therefore was excessive. The respondent, however, contends that the judgment of the appellant was not properly to be considered as an offset against the cause of action upon the undertaking, for the reason that the respondent was entitled to a restitution of his property, the same being exempt by law, without any deduction. This contention is without merit. The deduction of such judgment did not serve to take from the respondent

any part of his property exempt by statute. If such judgment had not been deducted in this action it might have been offset *pro tanto* otherwise upon application of the court. Comp. Laws 1913, § 7706; Cleveland v. McCanna, 7 N. D. 455, 41 L.R.A. 852, 66 Am. St. Rep. 670, 75 N. W. 908.

The order of the trial court denying a new trial is reversed, and a new trial granted, with costs to the appellant.

BIRDZELL and GRACE, JJ., concur.

CHRISTIANSON, Ch. J. (concurring in part and dissenting in part). In an action to foreclose a lien upon personal property a warrant may be issued by the clerk of the court in which the action is commenced, before judgment, commanding the sheriff to seize and safely keep the property to abide the final judgment in the action. Comp. Laws 1913, § 8138. "Before issuing the warrant the clerk must require a written undertaking on the part of the plaintiff with sufficient surety, to the effect that, if the defendant recovers judgment, the plaintiff will pay all costs that may be awarded to the defendant, and all damages which he may sustain by reason of any seizure under the warrant, not exceeding the sum named in the undertaking." Comp. Laws 1913, § 8140.

In this action plaintiff seeks to recover upon a bond given in an action to foreclose chattel mortgages and conditioned as required by § 8140, supra. It will be noted that the undertaking prescribed by § 8140, supra, is conditioned: First, that plaintiff will pay all costs that may be awarded to the defendant in a principal action; and, second, all damages which the defendant may sustain "by reason of any seizure under the warrant." Manifestly the liability under, and the amount recoverable upon, the bond, is controlled by its provisions. In this case, it is undisputed that no proceedings were had, and no services rendered by any attorneys, for the purpose of obtaining a release of the property seized under the warrant of seizure. All services performed by the attorneys retained by the defendant were performed in defining the foreclosure action. The seizure of the property under the warrant neither increased nor decreased the amount or value of such services. Whatever liability plaintiff incurred for attorneys' fees was not occasioned or increased by the seizure of the property

under the warrant. The rule established by the great weight of authority in the analogous cases of attachment bonds is that a party cannot (in absence of statutory provision to that effect) recover "as damages sustained by reason of the attachment," attorneys' fees expended or incurred in defending the principal action. Frost v. Jordan, 37 Minn. 544, 36 N. W. 713; Ames v. Chirurg, 152 Iowa, 278, 38 L.R.A.(N.S.) 120, 132 N. W. 427; Porter v. Knight, 63 Iowa, 365, 19 N. W. 282; McClure v. Renaker, 21 Ky. L. Rep. 360, 51 S. W. 317; Gonzales v. De Funiak Havana Tobacco Co. 41 Fla. 471, 26 So. 1012; McGill v. W. P. Fuller & Co. 45 Wash. 615, 88 Pac. 1038. This has been held to be true even though jurisdiction was obtained solely by attaching the property of a nonresident who subsequently appeared and defended in the action. Frost v. Jordan, supra; Gonzales v. De Funiak Havana Tobacco Co. 41 Fla. 471, 26 So. 1012. In my opinion the attorneys' fees expended by the plaintiff in defending the foreclosure action do not constitute damages sustained "by reason of seizure under the warrant," and such attorneys' fees are not recoverable by the plaintiff in this action.

I therefore concur in so much of the opinion prepared by Mr. Justice Bronson as orders a reversal of the judgment and order appealed from on the ground that the amount awarded to the plaintiff exceeds that stipulated for in the bond. I also concur in that portion which holds that the judgment obtained in the former action might properly be offset in this case. But I dissent from that part of the opinion which holds that the attorneys' fees expended in defending the foreclosure action may be recovered in this action.

ROBINSON, J., concurs.