## LONG v. COLLINS, Sheriff, *et al.*

1. Affidavits of jurors, showing they determined plaintiff's damages by each juror secretly writing down the amount he judged plaintiff entitled to, and then calculating the average of such amounts, it having been understood by each juror, before the amounts were set down, that the average should be plaintiff's damages, were receivable on a motion for a new trial, under Comp. Laws, § 5088, making the affidavits of jurors receivable when disclosing that a verdict was obtained by a resort to the dedermination of chance.

2. Laws 1890, Chap. 86, § 2, reducing exemptions previously in force, provided that all acts in conflict therewith were repealed, "save only as to contracts now existing." Const. Art. 3, § 22, provides no law shall take eff ·ct until 90 days after adjournment of the session at which it was passed, except in case of emergency expressed in the preamble or body of the act, and approved by a two-thirds vote. *Held,* that one against whom a judgment was rendered on a debt contracted subsequent to the passage of Laws 1890, but prior to the expiration of 90 days from th ᵉ adjournment of the session at which it was passed, was entitled to claim the exemptions previously allowed.

3. Where it appeared that a verdict was obtained by each juror secretly writing the amount he judged plaintiff entitled to, and then calculating the average of such amounts, it being understood by each juror, before

the amounts were set down, that the average so obtained should be the amount of damages awarded plaintiff, a judgment on such a verdict was invalid.

(Opinion filed March 2, 1900.)

Appeal from circuit court, Clark county. Hon. JULIAN BENNETT, Judge.

Action by L. Long against D. D. Collins, sheriff, and the First National Bank of Clark, to recover the value of personal property sold by defendants under an execution after the same had been claimed as exempt. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendants appeal. Reversed.

*S. A. Keenan,* for appellants.

*F. E. Strawder* and *F. G. Bohri,* for respondent.

FULLER, P. J. This appeal is from a judgment and an order overruling a motion for a new trial entered in an action to recover the value of personal property sold by the appealing sheriff under an execution after the same had been duly claimed as exempt. On the 31st day of March, 1890, respondent executed and delivered the promissory note upon which the judgment by virtue of which the officer sought to justify was obtained, and a reversal of the judgment now before us is sought upon the theory that such property was not exempt, and the verdict upon which it is based was reached by a resort to chance on the part of the jury. To establish the proposition that the verdict was obtained "by a resort to the determination of chance," in contemplation of Section 5088 of the Compiled Laws, the following affidavit of jurors is relied upon: "Frank Money, A. J. Peterson, G. A. Taylor, P. Milstone,

William Scott, H. A. Wilcox, George Schweiger, E. C. Dahl, H. Rasmusson, being first duly sworn on his oath says: That he was one of the jurors who tried the above entitled cause at the June, 1898, term of said court. That the jury in said cause arrived at its verdict in the following manner: Each juror secretly wrote on a piece of paper the amount of damage that he considered the plaintiff entitled to, and the twelve sums were then added together, and divided by twelve, which result was decided upon by the jury as the measure of damages to which the plaintiff was entitled as the value of the property converted, and that it was understood and agreed by each juror before the said amounts were set down as aforesaid that the one-twelfth of the total should be the value of the property in controversy as found by said jury; and was thereby induced to assent to said verdict." According to a familiar principle, jurors are presumed to have conducted themselves properly, and, to show the contrary, their affidavits are not admissible, unless rendered so by statute. Following some of the earlier cases, this court has held that the facts disclosed by the foregoing affidavit are not within the statutory exception allowing jurors to thus impeach a verdict. While there is nothing to indicate that these jurors were insensible to the moral import and legal effect of a solemn oath, the methods employed were not likely to result in a verdict reached by such reasonable deliberation as honest jurors should resort to in arriving at a fair, final, and legitimate conclusion. Mindful of the fact that unscrupulous jurors had in many instances defeated justice by entering into an agreement of the character disclosed by this record, and by reason of which their honest associates are deprived of the benefit of careful investigation, the legislature of

this state has, by an exception to the general rule, made the affidavits of jurors admissible to show that a verdict has been reached "by a resort to the determination of chance." Comp. Laws, § 5088. Since none can know how high or how low a sum his fellows will determine upon in order to influence the final result, the element of uncertainty takes the place of conscientious deliberation and the expression of honest conviction, and the only evidence by which such a practice can generally be shown is that. of the jurors themselves. When the point was first presented to this court it was ruled measurably by the case of Turner v. Water Co., 25 Cal. 397, where it was held that the verdict was not the result of a resort to the determination of chance, and the affidavits of jurors were rejected. Notwithstanding the fact that the statute of California is substantially the same as our own, this court adopted the practice of that state with considerable reluctance; and in view of the fact that Turner v. Water Co., *supra*, and all other cases of similar character, have been expressly overruled by the recent case of Dixon v. Pluns, 98 Cal. 384, 33 Pac. 268, 20 L. R. A. 698. and the further fact that this court is now differently constituted, we are inclined to disaffirm, so far as material to this decision, the case of Ulrick v. Trust Co., 2 S. D. 285. 49 N. W. 1054, by holding that the methods here resorted to resulted in a chance verdict, and that the affidavits of jurors are proper to show such fact. In states having a like provision the courts have uniformly held such verdicts to be the result of chance on the part of every juror, and, in our opinion, a contrary view emanates from an erroneous conception of the practical effect of such methods. Flood v. McClure (Idaho) 32 Pac. 254; Dixon v. Pluns, *supra*; Improvement Co. v. Adams (Colo. App.) 28

Pac. 662; Railroad Co. v. Winters, 85 Tenn. 240, 1 S. W. 790; Johnson v. Husband, 22 Kan. 277. Had the method been adopted merely to ascertain what each juror considered reasonable, and each juror reserved to himself the right to afterwards object, should he think it unreasonable an honest expression of opinion free from hazard, chance, or lot might afterwards be obtained, and in such a case the verdict should stand. But a verdict reached pursuant to an agreement of all the jurors, made prior to aggregating the several amounts, and dividing the same by 12, is the result of chance and self-imposed coercion, foreclosing deliberation and interchange of views. Lee v. Clute, 10 Nev. 149; Railroad Co. v. McDaniel, 134 Ind. 166, 32 N. E. 728, 33 N. E. 769; Goodman v. Cody, 1 Wash. Ter. 329; Dorr v. Fenno, 12 Pick. 521; City of Pekin v. Winkel, 77 Ill. 56; Hamilton v. Railroad Co , 36 Iowa 31; 2 Thomp. Trials, 1967. Such a haphazard scheme is liable to produce a verdict utterly at variance with the judgment of each man on the jury, and the rights of litigants should never be thus finally determined. "This method," says Bouvier in defining a verdict, "is almost universally condemned, the ground of the objection being that such an agreement cuts off all deliberation on the part of the jurors, and places it in the power of one of their members by naming a sum extravagantly high or ridiculously low, to make the quotient unreasonably large or small." So far as we have been able to extend investigation, the authorities all condemn, as chance verdicts, such productions of the jury, resulting as they do from the exercise of a physical, rather than a mental attribute; and in states having statutes like ours the affidavits of jurors are universally admitted to impeach them.

The remaining question is whether respondent's property, the value of which is conceded to be $1,070.65, was at the time of the seizure exempt from forced sale in satisfaction of a debt contracted subsequent to, but during the month of, the adjournment of the legislative session which enacted Section 2, Chap. 86, Laws 1890, fixing the amount of such exemptions at $750, and providing that "nothing in this act shall be so construed as to impair the obligations of existing contracts, or to reduce the exemptions so far as existing contracts are concerned." The repealing clause of this act is as follows: "All acts and parts or acts in conflict with this act are hereby repealed, save only as to contracts now existing and indebtedness incurred thereunder, and to renewals of existing obligations and indebtedness without a new consideration." Although Section 22, Art. 3, of our constitution declares that, unless in case of emergency, expressed in the preamble or body of the act, and approved by a two-thirds vote of all the members elected, no act shall take effect until 90 days after the adjournment of the session at which it is passed, counsel for appellant contends that by the use of the expression "contracts now existing" the former provision allowing the debtor to claim as exempt $1,500 worth of such property, is rendered inoperative as to obligations created since the passage and approval of the law of 1890, and before the expiration of the 90-day limitation. The constitution having appointed a particular time for statutes to go into operation, and provided the only means by which to express a different intention, it is very clear that the provision under consideration could speak with no effect until the lapse of 90 days from the final adjournment of the legislative session at which it was passed. Suth. St. Const. par. 107; Waples,

Homest. 667. The contract being governed by the statute in force when it was made, and respondent's property of less value than $1,500, his claim for exemptions should be recognized, and the ruling of the trial court with reference thereto was correct.

For the reason that the verdict was the result of a previous agreement, consummated in the manner disclosed by the uncontroverted testimony, the order and judgment appealed from are reversed, and the case remanded for a new trial.