LONG v. COLLINS *et al.*

1   An appeal from a portion of a final order in a proceeding to set off mutual judgments may be had, though no exception was taken, the order being a final order determining the rights of the parties, within

ı   Comp. Laws, § 5080, which provides that orders finally determining the
    rights of the parties shall be deemed excepted to.

2.  A judgment for conversion of property exempt from execution cannot
    be liquidated by having set off against it another judgment held by
    defendant as plaintiff's creditor, since the exemption attaches to the
    judgment for the proceeds of exempt property as well as to the prop-
    erty istelf.

(Opinion filed December 31, 1901.)

Appeal from circuit court, Clark county.  HON. JULIAN BEN-
NETT, Judge.

Action by L. Long against D. D. Collins, in which the First
National Bank of Clark intervenes.  Judgment for plaintiff.  From
an order entered upon the application of the intervenor, directing
that judgment be set off in satisfaction of a judgment held by the
intervenor against the plaintiff, the latter appeals.  Reversed.

The facts are stated in the opinion.

*F. G. Bohri* and *F. E. Strawder,* for appellant.

The exception must be taken at the time the decision is made,
except as provided in Section 5080.  This court· held "A judgment
is deemed to have been excepted to under the first clause of Section
5080 Comp. Laws."

We contend that this final order falls in the same category; as,
under the same clause, it is also "the final decision in an action or
proceeding" of that part of the order appealed from.  Smith *et al.*
v. Commercial National Bank *et al.,* 7 S. D. 468-469.

A judgment for conversion of property except from execution,
cannot be liquidated by having set off against it another judgment
held by defendant as plaintiff's creditor, the exemption attaches to
the judgment for the proceeds of exempt property as well as the
property itself.  Cleveland v. McCanna, ( N. D.) ; 75 N. W. 908
and cases cited ; Constitution of South Dakota, Art. 21, Sec. 4, Chap.
86 Session Laws S. D. 1890.

*S. A. Keenan,* for respondents.

Under our statute, and under the common law, we believe that courts of record are presumed to exercise a large discretion in either refusing or allowing mutual judgments to be set off in accordance with justice and equity, which action is always based upon the facts and circumstances involved in the case. 2 Freeman on Judgments, Sec. 467 a.

FULLER, P. J.   It is first urged by counsel for respondent that this appeal from a certain portion of a final order entered in a proceeding to set off mutual judgments, one against the other, must be dismissed for the reason that no exception was taken, but we regard such order as one finally determining the rights of the parties, and within the statute expressly obviating the necessity of an exception.   Comp. Laws, § 5080.   For the purposes of this appeal, the facts may be stated thus:   On the 23rd day of December, 1893, the respondent bank (Collins being a nominal defendant merely) obtained a judgment against appellant for the sum of $106.46, and on the 9th day of April, 1900, another judgment, for the costs of the action, amounting to $83.85, was docketed against him.   Thereafter appellant, Long, brought an action against the bank and recovered the value of certain confessedly exempt property, seized and sold by such corporation, in the sum of $222, together with the costs of the action.   Against this judgment Frank Bohri and F. E. Strawder had perfected an attorney's lien for $150 for services rendered Long in the cause, which were shown by the undisputed evidence to be reasonably worth that amount, and concerning which the trial court, in setting off the judgments pro tanto, entered its final order in part as follows:   "It is hereby ordered and declared that said counsel, F. G. Bohri and F. E. Strawder, have a valid and

subsisting lien on said judgment to the extent of one hundred six dollars and forty-six cents. It is hereby further ordered and adjudged that said judgments in favor of defendants, aggregating one hundred ninety-two dollars and eighty-five cents, be set off pro tanto against said judgment in favor of L. Long, subject to and except as to the amount of said attorney's lien, the said judgment being mutual, and it is further ordered that after the payment and satisfaction of said attorney's lien, that the proper entries be made by the clerk of this court on his docket in accordance herewith."

It is unquestioned that, including appellant's judgment against respondent, the value of all his property was less than the amount exempt by law, and that such judgment was obtained on account of exempt property duly scheduled, and which this court has held on appeal to be exempt to the amount of $1,500. Long v. Collins, 12 S. D. 621, 82 N. W. 95. It is well settled that the power to set off judgments *pro tanto* will never be exercised to deprive a party of a privilege conferred by statute, and that a judgment obtained for the wrongful conversion of exempt property is equally exempt. In every state where exemption laws are not strictly construed, as being in derogation of the common law, the courts uniformly hold that a judgment representing the proceeds of exempt property cannot be set off in satisfaction of a judgment existing in favor of a creditor against the person in favor of whom the judgment for exempt property was obtained. Under statutory and constitutional provisions the same as our own, it was so held in North Dakota and Indiana. Cleveland v. McCanna, 7 N. D. 455, 75 N. W. 908, 41 L. R. A. 852, 66 Am. St. Rep. 670; Butner v. Bowser (Ind.), 3 N. E. 889.

Without determining the validity of an attorney's lien on a judgment for exempt property, we conclude that there was nothing

before the trial court to justify the reduction of the claim of counsel for services rendered in the case from $150 to $106.46, or in any sum whatever, and the order appealed from is reversed.