## LONG v. COLLINS *et al.*

A judgment for costs in the Supreme Court, recovered by the plaintiff on a successful appeal from an order offsetting a judgnent recovered by him for the wrongful taking of his exempt property against a judgment in favor of the defendant, is a judgment recovered in protecting plaintiff's exemption, and as such is exempt property, and not subject to set-off.

(Opinion filed May 8, 1903.)

Appeal from circuit court, Clark county. Hon. JULIAN BENNETT, Judge.

Action by L. Long against D. D. Collins, formerly sheriff of Clark county, defendant, and the First National Bank of Clark, intervener. From an order offsetting two judgments of the plaintiff and intervener, respectively, plaintiff appeals. Reversed.

*F. G. Bohri* and *F. E. Strawder*, for appellant.

*S. A. Keenan*, for respondents.

CORSON, J. This is an appeal from an order made by the circuit court offsetting two judgments of the respective parties. It will be necessary, for a proper understanding of this case, to give a brief statement of the proceedings leading up to the order appealed from. In 1893 the bank, which is the real defend-

16 S. D.—40

ant, recovered judgment against the plaintiff, Long, for $106.40, upon a promissory note executed by Long while the $1,500 statute of exemption was in force. Subsequently the bank caused an execution to be issued and levied upon certain property of Long, which he claimed to be exempt; and thereupon Long brought an action to recover the value of the property so levied upon, and recovered a judgment against the bank for $222. From this latter judgment the bank took an appeal to this court, and the same was reversed on the ground of irregularity on the part of the jurors in finding their verdict, and a judgment was entered in favor of the bank in this court for its costs, amounting to $83.85. Long v. Collins, 12 S. D. 621, 82 N. W. 95. The action was then retried in the court below, and a judgment again entered in favor of Long. Thereupon the bank moved the court to offset its original judgment against Long for $106.40, and its judgment for $83.85 recovered in this court, against the plaintiff's judgment recovered for the value of the exempt property, which order was granted. From this order, Long, the plaintiff, appealed to this court; and on such appeal the order of the circuit court was reversed on the ground that Long's judgment, being recovered for exempt property, was also exempt, and this court entered a judgment in favor of Long for the sum of $82.73 costs in this court. Long v. Collins, 15 S. D. 259, 88 N. W. 571. See, in addition to cases therein cited. Below v. Robbins, 76 Wis. 600, 45 N. W. 416, 8 L. R. A. 467, 20 Am. St. Rep. 89. Upon the judgment being docketed in the court below, the bank again moved to have the two Supreme Court judgments offset against each other, which was granted, and from the order sustaining this motion this appeal is taken.

The appellant contends that his judgment against the bank for $82.73, being for costs obtained in recovering a judgment for the conversion of his exempt property, takes the character of his exempt property, and is also exempt. The respondent insists in support of the order that the judgment of this court for costs on appeal constitutes no part of the exempt property, and, not being exempt under the present exemption laws, was the subject of offset, and that the court's ruling is therefore correct. We are of the opinion that the appellant is correct in his contention. It will be observed that the circuit court, by its order offsetting the plaintiff's judgment recovered for the value of his exempt property, pro tanto, as against the judgments held against the plaintiff by the bank, in fact deprived the plaintiff of the benefit of his exemption, and that it was necessary, therefore, for him to appeal to this court to secure the benefit of such exemption. The costs, therefore, recovered by him in this court, incurred in protecting his exempt property, and resisting the bank's efforts to have it applied in satisfaction of its judgment, properly constitute a part of his exempt property. If the judgment itself was exempt—and we held in the former case that it was so exempt—the costs incurred in maintaining his right to such exemption must certainly be regarded as a part of the exempt property. It has always been the rule of this court that the exemption law should be liberally construed in favor of the debtor, and that it is the duty of the courts to, as far as possible, protect the debtor's rights to his legal exemption. It would be manifestly unjust in the case at bar to allow the defendant to subject the plaintiff to a large amount of costs in order to secure his exemptions, unless the costs awarded to the plaintiff could be

held to constitute a part of his exemptions. The learned circuit court evidently overlooked the fact, in making its order, that the judgment of the plaintiff was for costs incurred in order to secure his exemptions.

The order of the circuit court is reversed.