## DAVIDSON v. MEYERS.

Where the head of a family sues for conversion of personalty which he is entitled to hold as exempt, a judgment rendered in his favor is also exempt.

(Opinion filed, April 2, 1912.)

Appeal from Circuit Court, Grant County. Hon. FRANK McNULTY, Judge.

Injunction by Horace Davidson against Ed Meyers. From an order vacating the injunction, plaintiff appeals. Affirmed.

*Geo. S. Rix,* for appellant.    *Thos. L. Bouck,* for respondent.

McCOY, P. J.   It appears from the record: That on the 12th day of May, 1911, respondent, Meyers, recovered a judgment against appellant, Davidson, in the circuit court of Grant county, for $843.25, and that said appellant has satisfied of said judgment against him the sum of $630.78, leaving a balance, still unpaid, on the said judgment from appellant to respondent, in the sum of $212.47. That on the 11th day of July, 1910, respondent, Meyers, executed and delivered to appellant his certain promissory note, whereby he promised to pay to appellant the sum of $475.86, on the 15th day of December, 1911, with interest at 8 per cent. per annum, and that said note was not involved in any manner in the litigation resulting in said judgment. That on

August 19, 1911, respondent caused execution to be issued on said judgment, and placed the same in the hands of the sheriff for the purpose of enforcing the collection of said judgment. That the circuit court of Grant county, on application of appellant, issued an injunction restraining respondent from proceeding further in the enforcement of said judgment until appellant might procure judgment on said note, and have the same offset against said judgment owned by respondent, under the statute relating to the offset of mutual final judgments. That thereafter respondent moved the court to vacate and set aside the said injunction on two grounds: (1) That appellant was not entitled to have the said note offset against said judgment, because said note had not then been reduced to judgment, and did not constitute a final judgment that might be the subject of mutual offset. (2) That, in any event, the judgment owned by respondent against appellant was property exempt from execution and offset under the laws of this state. Therefore, upon a hearing of said motion to vacate said injunction, the court made an order which recited: "It appearing that plaintiff [this appellant] has not secured and has not a mutual judgment to set off against the judgment of defendant [the respondent], and it further appearing that said judgment of defendant against plaintiff was a judgment for the conversion, by plaintiff, of personal property belonging to defendant, and that defendant claims said property and said judgment against plaintiff as exempt under the laws of this state, and it further appearing that defendant has not at this time, and never has had, personal or other property of the value of more than $750, and that said judgment is exempt under the laws of this state," therefore it is ordered that the said order, granting said injunction restraining the collection of said judgment against plaintiff, be and the same is hereby vacated and set aside. To the granting of said order vacating said injunction the said plaintiff duly excepted, and now contends that the granting of the same was error.

We are of the opinion that this contention is not tenable, that the said judgment, owned by respondent against appellant, was exempt property, and not subject in any event to set-off as

a mutual judgment; the evidence showing that respondent was the head of a family entitled to claim said judgment as exempt property. Long v. Collins, 15 S. D. 259, 88 N. W. 571; Cleveland v. McCanna, 7 N. D. 455, 75 N. W. 908, 41 L. R. A. 852, 66 Am. St. Rep. 670; Long v. Collins, 16 S. D. 625, 94 N. W. 700, 102 Am. St. Rep. 724; Mosteller v. Holborn, 21 S. D. 547, 114 N. W. 693; Caldwell v. Ryan, 16 L. R. A. (N. S.) 494, note. We express no opinion on the question as to whether or not an injunction might be issued to restrain the collection of a judgment, under the facts of this case, where the question of exemption is not involved.

The order appealed from is affirmed.