GREAT NORTHERN RAILWAY COMPANY v. EDWARD G.
LENTON and Mary Lenton, his Wife, and State of North Dakota.

(154 N. W. 275.)

Action to condemn additional right of way. *Held:*

**Jury — verdict of — evidence.**

1. Jury's verdict has basis in evidence.

**Verdict — direction — motion for.**

2. No error in overruling motions to direct verdict.

**Chance verdict — damages — individual estimates — sum of — divided by
number of jurors — quotient — knowingly agreed upon as verdict.**

3. Not a chance verdict merely because, in arriving at the amount, the jury
took each juror's estimate of what should be assessed as the damages, and
divided the total by the number of jurors, and afterward knowingly and under-
standingly agreed that such quotient should be the amount of the verdict.

Opinion filed September 21, 1915.

From a judgment of the District Court of Ward County; *Leighton,*
J. Plaintiff appeals.

Affirmed.

*Dudley L. Nash* and *Murphy & Toner,* for appellant.

If the two strips of land had been condemned all the way through
defendant's land, then all damage of which legal complaint might be
made would be removed. Therefore, the measure of damages is the
value of the entire two strips all the way across the land. 10 Am. &
Eng. Enc. Law, 1173; White v. Chicago, St. L. & P. R. Co. 122 Ind.
317, 7 L.R.A. 257, 23 N. E. 782; Kimball v. White Water Valley Canal
Co. 1 Ind. 285; Gordon v. Tucker, 6 Me. 247; Fowle v. New Haven &
N. R. Co. 112 Mass. 334, 17 Am. Rep. 106; McCormick v. Kansas City,
St. J. & C. B. R. Co. 57 Mo. 433; Trenton Water Power Co. v. Cham-
bers, 13 N. J. Eq. 199; Denver City Irrig. & Water Co. v. Middaugh,
12 Colo. 434, 13 Am. St. Rep. 234, 21 Pac. 555; Churchill v. Beethe,
48 Neb. 87, 35 L.R.A. 442, 66 N. W. 992; Van Schoick v. Delaware
& R. Canal Co. 20 N. J. L. 249.

Where it is necessary in constructing the road, originally, to dig
ditches for the purpose of making a fill, and these are dug partially

outside of the original right of way, and defendant knowingly consented thereto, such matters cannot be considered as forming any basis of damages. Even if defendant did not so consent, the action of the company would constitute trespass—a recovery for which cannot be had in condemnation proceedings or suit. In such case defendant has his remedy at law. Bethlehem South Gas & Water Co. v. Yoder, 112 Pa. 136, 4 Atl. 42; Leber v. Minneapolis & N. W. R. Co. 29 Minn. 256, 13 N. W. 31; Lafayette, M. & B. R. Co. v. Murdock, 68 Ind. 137; Missouri, K. & T. R. Co. v. Ward, 10 Kan. 352; Proetz v. St. Paul Water Co. 17 Minn. 163, Gil. 136; Callanan v. Port Huron & N. W. R. Co. 61 Mich. 15, 27 N. W. 718; Dourd v. Mason City & Ft. D. R. Co. 76 Iowa, 438, 41 N. W. 65; Leavenworth, N. & S. R. Co. v. Usher, 42 Kan. 637, 22 Pac. 734; Leavenworth, N. & S. R. Co. v. Herley, 45 Kan. 535, 26 Pac. 23; Bridgers v. Dill, 97 N. C. 222, 1 S. E. 767.

Damages anticipated because of the possibility of teams becoming frightened and running away are too remote and speculative to be considered. The ditches of which complaint is now made existed before this suit was commenced, and are not an issue in this condemnation suit by the company. Southwestern Mineral R. Co. v. Harvey, 8 Kan. App. 489, 54 Pac. 806; St. Louis, K. & S. W. R. Co. v. Hammers, 51 Kan. 127, 32 Pac. 922; Otoe County v. Heye, 19 Neb. 289, 27 N. W. 145; Nashville & D. R. Co. v. Comans, 45 Ala. 437; Re New York, L. & W. R. Co. 27 Hun, 151; Alabama & W. R. Co. v. Burkett, 46 Ala. 569; Chicago, P. & St. L. R. Co. v. Eaton, 136 Ill. 9, 26 N. E. 575; Atchison & D. R. Co. v. Lyon, 24 Kan. 745; Presbrey v. Old Colony & N. R. Co. 103 Mass. 1.

The possible increase in the growth and accumulation of weeds is not an element in this case, and proof touching such subject was not proper. 2 Lewis, Em. Dom. § 438; Montana R. Co. v. Warren, 137 U. S. 348, 34 L. ed. 681, 11 Sup. Ct. Rep. 96; Doyle v. Manhattan R. Co. 128 N. Y. 488, 28 N. E. 495.

In this class of cases the proper query is the difference in the market value of the land before and after taking. Damages upon any other basis are improper. San Diego Land & Town Co. v. Neale, 88 Cal. 50, 11 L.R.A. 604, 25 Pac. 977; Springer v. Chicago, 135 Ill. 552, 12 L.R.A. 609, 26 N. E. 514; 2 Lewis, Em. Dom. p. 947; Young v. Harrison, 21 Ga. 584; St. Louis, K. & N. W. R. Co. v. St. Louis Union

Stock Yards Co. 120 Mo. 541, 25 S. W. 399; 10 Am. & Eng. Enc. Law, 1158, 1174, subdiv. 5 and cases cited; Blair v. Charleston, 43 W. Va. 62, 35 L.R.A. 852, 64 Am. St. Rep. 837, 26 S. E. 341.

The jury arrived at its verdict by making individual estimates of damages, adding these together, and then dividing the sum so reached by the number of jurors, and then voting quotient so obtained as their verdict. This was a chance verdict and should be set aside. Burke v. Magee, 27 Neb. 156, 42 N. W. 890; Barton v. Holmes, 16 Iowa, 252; Guard v. Risk, 11 Ind. 156; Gallaway v. Massee, 133 Wis. 638, 113 N. W. 1098; Fuller v. Chicago & N. W. R. Co. 31 Iowa, 211; 24 Am. & Eng. Enc. Law, 1006–1008, and cases cited; Johnson v. Husband, 22 Kan. 277.

Where the result of their mathematical calculations is afterwards fully discussed by the jury, and they have fairly deliberated upon and considered same, and then by ballot adopt such result as their verdict, it is doubtless good. But in this case there was no deliberation and no consideration by the jury. 24 Am. & Eng. Enc. Law, 1008; Johnson v. Husband, supra.

*F. B. Lambert,* for respondent.

The issue of compensation in eminent domain proceedings must be left to a jury. Bigelow v. Draper, 6 N. D. 152, 69 N. W. 570.

The legislature may expand the rights fixed by the Constitution, but it cannot curtail them. Martin v. Taylor, 4 N. D. 278, 25 L.R.A. 838, 60 N. W. 392.

The jury must render its verdict upon the evidence; so long as the verdict is less than the amounts fixed as damages by the witnesses, and so long as the railroad company furnished the jury with no other evidence, method, or way of arriving at their verdict, the verdict cannot be said to be excessive or improper. Chicago, M. & St. P. R. Co. v. Brink, 16 S. D. 644, 94 N. W. 422; Tri-State Teleph. & Teleg. Co. v. Cosgriff, 19 N. D. 771, 26 L.R.A.(N.S.) 1171, 124 N. W. 78; Donovan v. Allert, 11 N. D. 289, 58 L.R.A. 775, 95 Am. St. Rep. 720, 91 N. W. 441; Cosgriff v. Tri-State Teleph. & Teleg. Co. 15 N. D. 210, 5 L.R.A. (N.S.) 1142, 107 N. W. 525; Searle v. Lead, 10 S. D. 405, 73 N. W. 913.

"When land is taken for a right of way the owner can recover compensation for the land taken, and for the injury to or depreciation in

value of his adjoining land. Reisner v. Atchison Union Depot & R. Co. 27 Kan. 382; 18 Century Dig. under "Eminent Domain," § 365, cols. 1277–1279.

The chance of water being backed up on the land by reason of the embankments, the danger from the accumulation of weeds and dry grass, and all such matters, are proper for the jury to consider in determining the damages to the adjoining land. Ft. Worth & G. R. Co. v. Dial, 38 Tex. Civ. App. 260, 85 S. W. 22; Kansas City, Ft. S. & G. R. Co. v. Owen, 25 Kan. 419; St. Joseph & D. C. R. Co. v. Chase, 11 Kan. 47; Missouri P. R. Co. v. Kincaid, 29 Kan. 654; Comp. Laws 1913, §§ 2807, 4646–4648; Centralia & C. R. Co. v. Drake, 125 Ill. 393, 17 N. E. 820; Chicago & M. Electric R. Co. v. Diver, 213 Ill. 26, 72 N. E. 758.

The additional cost of fencing made necessary to protect stock from damages or dangers upon the railroad tracks is a proper element of damages to be considered by the jury. White Water Valley R. Co. v. McClure, 29 Ind. 536; Grand Rapids & I. R. Co. v. Horn, 41 Ind. 479; Baltimore, P. & C. R. Co. v. Lansing, 52 Ind. 229; Shirley v. Southern R. Co. 121 Ky. 187, 89 S. W. 124; Pittsburgh, B. & B. R. Co. v. McCloskey, 110 Pa. 436, 1 Atl. 555.

Cuts and fills necessary in the construction of a railroad should be considered as enhancing the damages. Little Rock, M. R. & T. R. Co. v. Allen, 41 Ark. 431; Ellsworth v. Chicago & N. W. R. Co. 91 Iowa, 386, 59 N. W. 78; Cummins v. Des Moines & St. L. R. Co. 63 Iowa, 397, 19 N. W. 268; Kansas City, C. & S. R. Co. v. Story, 96 Mo. 611, 10 S. W. 203.

Or the erection of a coal house or hoisting apparatus. Chicago, B. & Q. R. Co. v. O'Connor, 42 Neb. 90, 60 N. W. 326.

The value of property is fixed by what it would bring at a fair public sale when the owner wanted to sell and others wanted to buy. Value is not limited to the price which the property might bring at forced sale. Market value means fair value. Chase v. Portland, 86 Me. 367, 29 Atl. 1107; Lawrence v. Boston, 119 Mass. 126; Edmands v. Boston, 108 Mass. 535; 3 Sutherland, Damages, 462; Cooley, Const. Lim. 6th ed. 697; 5 Words & Phrases, 4387.

Value, and market value, are synonymous terms, in practical life. They are interchangeable terms. Jones v. Noel, 98 Tenn. 440, 36

L.R.A. 862, 39 S. W. 725; 5 Words & Phrases, 4387; Black's Law Dict. p. 761.

One is entitled to the value of the improvements which are destroyed or injured by the appropriation of his land on which they are situated. 15 Cyc. 759.

It is not only permissible, but commendable, on the part of the jury, where they are widely apart on the question of the amount of damages, to ascertain what is the general average of their sentiment on the subject, and, in so doing, they have the right to express by ballot their individual estimate of damages, add these sums together, and divide the amount by the number of jurors, and then knowingly adopt the result or quotient as their verdict. Such a verdict is not a chance verdict. Burke v. McGee, 27 Neb. 156, 42 N. W. 890; Gallaway v. Massee, 133 Wis. 638, 113 N. W. 1098; 24 Am. & Eng. Enc. Law, 1006–1008, and cases cited; 12 Am. & Eng. Enc. Law, 378; 38 Cyc. 1843 note; Heath v. Conway, 1 Bibb, 399; Murphy v. Murphy, 1 S. D. 316, 9 L.R.A. 820, 47 N. W. 142; Johnson v. Seel, 26 N. D. 299, 144 N. W. 237; Hunt v. Elliott, 77 Cal. 588, 20 Pac. 132; McDonnell v. Pescadero & S. M. Stage Co. 120 Cal. 476, 52 Pac. 725; Turner v. Tuolumne County Water Co. 25 Cal. 402, 1 Mor. Min. Rep. 107; Boyce v. California Stage Co. 25 Cal. 460, 9 Am. Neg. Cas. 66; 1 Kerr's Cyc. Cal. Code, p. 1077, art. 32.

But it is questionable if a verdict can be impeached by the affidavits of the jurors who rendered it.

This should be done by the officer in charge or by outside witnesses. "Misconduct of the jurors, unless it is in open court, cannot be proved by their affidavits." 12 Am. & Eng. Enc. Law, 378; 37 Century Dig. cols. 941, 1306; Pleasants v. Heard, 15 Ark. 403; Croasdale v. Tantum, 6 Houst. (Del.) 218; St. Martin v. Desnoyer, 1 Minn. 156, 61 Am. Dec. 494, Gil. 131; St. Clair v. Missouri P. R. Co. 29 Mo. App. 76; Clark v. Manchester, 64 N. H. 471, 13 Atl. 867; Moses v. Central Park & E. R. Co. 3 Misc. 322, 23 N. Y. Supp. 23; International & G. N. R. Co. v. Gordon, 72 Tex. 44, 11 S. W. 1033; Chesapeake & O. R. Co. v. Patton, 9 W. Va. 648; Turner v. Tuolumne County Water Co. 25 Cal. 397, 1 Mor. Min. Rep. 107; Boyce v. California Stage Co. 25 Cal. 460, 9 Am. Neg. Cas. 66; Ulrick v. Dakota Loan & T. Co. 2 S. D. 285, 49 N. W. 1054; Long v. Collins, 12 S. D. 621, 82 N. W. 95; 29 Cyc. 812, notes

90 and 91 and cases cited; 2 Thomp. Tr. p. 1882, § 2602, and cases cited in note 3, p. 1883; Ponca v. Crawford, 23 Neb. 662, 8 Am. St. Rep. 144, 37 N. W. 609; Parshall v. Minneapolis & St. L. R. Co. 35 Fed. 650.

Goss, J.   This action is to condemn two 50-foot strips 600 feet long alongside of the right of way of the plaintiff.   The verdict for $410 included the value of the land taken and damages from the severance. Plaintiff contends the verdict should not exceed $207, and that the evidence is insufficient to justify a verdict for the greater amount.   Appellant has briefed upon the basis of the record presenting the question whether damages from severance can exceed the value of the land that would have been taken had the 50-foot strip sought to be condemned extended entirely across the half section, instead of being but a portion thereof 600 feet in length.   Its reasoning is that all damages arising from the severance of the 600-foot tract had accrued and were paid for by the original taking and severance; that is, by the settlement for the damages occasioned by the earlier taking of the original right of way; that, therefore, none of the first and the usual elements of damage from severance remain unpaid for.   This reasoning leaves but the value of the land taken, together with such damage occasioned by its severance as peculiarly result therefrom.   Plaintiff contends such damage by severance cannot amount to more than the actual value of the land that would have been taken had the area sought to be condemned reached entirely across the land in question instead of taking but a portion thereof.   Hence, plaintiff would measure its damages by the market value of the land embraced within the 50-foot strips extended entirely across the land of plaintiff, and in his brief has offered to pay therefor, at $40 per acre, the stipulated value of the land actually taken.   And plaintiff's brief resolves to an argument upon the insufficiency of the evidence to sustain the verdict in excess of $207 but based upon the foregoing hypothesis.

Plaintiff's contention might be worthy of extended consideration if it was within the issues presented to the trial court.   However, the record may be searched in vain for any indication that this theory was in the mind of plaintiff's counsel at the time of the trial.   This issue was never presented below and will not be passed upon here.

Plaintiff made its case by showing the amount of land taken and its value to be $40 an acre. This by Lenton under cross-examination. In defense, proof was offered that the difference in values of the tracts remaining before and after the taking for railroad purposes was from six to eight hundred dollars. Under examination as to the basis for such claimed damage, several witnesses testified that the additional corners at the end of the strips taken and next to the original right of way rendered farming inconvenient, and caused an added element of damage from severance, beyond any occasioned by the taking of the original right of way. Appellant concedes in its brief that such an added element of damage exists by its offer to not only pay for the corners themselves, but for the value of the land within the extensions of the strips continued entirely across the land of the defendants. At the close of the defense the plaintiff asked for a directed verdict for only the value of the $1\frac{38}{100}$ acres actually taken at $40 an acre, or $55.20, contending that "it is shown by the evidence that the damages for the severance of the right of way has been paid for once, and that damages for severance alone cannot accrue more than once." And, "that there is no competent testimony whatever except that which is based upon mere speculation to show the amount of alleged damages by reason of severance to the balance of the land." The position taken on this motion is inconsistent with its position on appeal, and ignores actual and existing elements of damage arising to defendants from reasons above stated. The motion was properly denied.

In rebuttal the plaintiff offered proof that the value of the land taken, together with the damage to the portion of the tract remaining, would in the aggregate be the equivalent of a total damage of $150 per acre for the land taken. Or, in other words, disregarding the stipulated value of the land as $40 per acre for the tract actually taken, the actual damage arising from both the taking and the injury to the balance could be equitably estimated on a basis of $150 per acre for the land taken, or a total of $207 as the aggregate damage. Upon this theory at the close of the case plaintiff moved "that the court direct a verdict in favor of the defendant and against the plaintiff, assessing the damages at the sum of $207, being the value of the land at $150 an acre as shown by the testimony of the last two witnesses (plaintiff's witnesses), there being no other competent testimony in the case as to the value of the land or

31 N. D.—36.

damages." · The court properly denied this motion, as the value of the land taken had been stipulated at $40 per acre, or $52.80, the value to which the owners had testified, and the proof disclosed that the severance had occasioned actual damage; and that the value of the remainder after the taking was reduced from $600 to $800. There was sufficient basis in the proof from which the jury could determine the amount of damages resulting from the severance. The theory upon which the motion was made was based upon an assumed and improper measure of damages and to have granted the motion would have been prejudicial error.

But upon this appeal, as above stated, defendant urges an entirely different contention from that specified in said motion, and one having no basis in the record. To quote from his brief, "The plaintiff specifies wherein the evidence is insufficient to support or justify the verdict as follows: That there is no competent and relevant testimony in the record whatever, that the combined value of the land and the damage to the balance exceeds $207. That the only item of damage to the balance of the land assigned by the witnesses, or which could have been considered, was the inconvenience caused by leaving jogs in the land at the ends of the strip taken. Hence, if the jogs are eliminated, there is no damage, and the cost of removing the jogs would be the value of the two strips of land clear through at $40 per acre, which would not amount to more than half the amount of the present verdict." There is no proof of the area of such a strip. If it be taken as respondent figures it at 7.71 acres even at $40 per acre, it would amount to much more than what plaintiff contends the verdict should be, $207. But if figured at $150 per acre, according to plaintiff's rebuttal testimony, it would amount to double the verdict rendered. As above indicated this course of reasoning is a departure from the theory of trial, and invokes a measure for assessment of damages never presented to the trial court. In fact it is contrary to the basis for computation of $150 per acre adopted by plaintiff on trial and upon which he moved for a directed verdict. The contention "that the measure of damages is the value of the two strips all the way across this land," to support which authority is cited, is wholly foreign to the review on this appeal. Neither of the motions for directed verdict could have been granted, and as the principal question briefed cannot be raised for the first time on appeal the only one remaining for consideration is as to whether this is a chance

verdict. Under motion for judgment notwithstanding the verdict or for new trial, a juror's affidavit was presented. It recited that "said verdict was arrived at as follows: We took a ballot to ascertain whether or not we would give the plaintiff anything. We next balloted on the question of amount, and we were so far apart that we then decided to ballot a third time, each juror giving the amount he thought was right. We then took these amounts, added them together, and took the average. Then knowing what the amount was, we took a ballot on the general average to see if we all agreed to that amount, and in that manner found the amount we were willing to give." This affidavit discloses that the amount of the verdict was knowingly determined and agreed to as the verdict, although it was based upon merely the general average of the amount each individual juror thought should be allowed. No agreement is shown to have been made in advance of the fixing of the amounts by each individual juror that the general average of such amounts should constitute the verdict. It is therefore not a quotient verdict, nor can it be held to be a verdict determined by chance under the second subdivision of § 7660, Comp. Laws 1913, 29 Cyc. 812; 29 Am. & Eng. Enc. Law, 1007, and note 3; Long v. Collins, 12 S. D. 621, 82 N. W. 95. Authorities cited by appellant are contrary to his contention. While such a method is not to be encouraged, yet, to permit the verdict to be overturned on this showing alone would establish a dangerous precedent and be without support in precedent. A verdict so found might be just and equitable in amount even though the result of such a compromise.

The judgment is affirmed.